By the Court. Hoffman, J.
In the case of Nelson v. Stephenson, (May Term, 1856,*) this court examined the subject of *193 the relative rights and obligations of shippers and ship-owners as to freight of liquids contained in casks, etc., which have leaked out in whole or in part. The following were the conclusions arrived at:
1st. The owner of liquids shipped in casks of any description is, in the first instance, chargeable with the duty of supplying proper casks, and would presumptively be responsible for a loss arising from their insufficiency or defects. The effect of an unqualified bill of lading is to transfer this presumptive responsibility to the captain and owner of the vessel. They acknowledge by it the good condition of the casks upon their reception on board, and engage to deliver them and their contents as described, in the same condition.
2d. That when the case presents nothing else, if the casks be delivered empty, or nearly so, and the actual cause of the leakage be unknown or conjectural, the owners of the vessel lose the freight for the portion not delivered. They have not performed their engagement. The loss, in these cases, is legally attributable to defective stowage, or some other cause over which the master had control, and for which he has engaged to be responsible.
3d. As, however, a bill of lading, treated as a receipt, is not conclusive, it is open to the ship-owner and master to prove explicitly that the casks were, in fact, unsound or badly made, and, in such a case, the original responsibility of the owner for their condition is restored, and he is bound to pay the freight.
It is an obvious conclusion, from the principles thus laid down, that when the loss of liquids - arises solely from the perils of the sea, although the casks are delivered, and it is the case of an ordinary bill of lading, the ship-owner must lose his freight. It is this point which we consider was settled in Frith v. Barker, (2 John. Rep. 334).
We consider the principles applicable to all soluble articles, such as sugar and salt. The present case is governed by them.
It was clearly a loss by perils of the sea, attributable solely to that cause, and without a fault of the shipper. The freight was not earned, and could not have been recovered.
It follows, as nearly an invariable result, that if freight cannot be recovered from the shipper or -his agent, it is to be recovered from the insurers. It is the contingency covered by the policy. *194 Justice Nelson, in Hugg v. The Augusta Ins. Co., (7 Howard, 604,) thus states the rule: “ The contract of insurance upon freight is, that the goods shall arrive at the port of delivery notwithstanding the perils insured against, and that if they fail thus to arrive, and the owner is thereby unable to earn his freight, the underwriter will make it good.”
The counsel insists that the character of the goods to be taken on board was unknown, and had they been known, the risk would have been declined, or the premium increased. The answer is, that the general words of the policy cover the goods in question, and the underwriters could have controlled the nature of their risk, and amount of premium, by special clauses.
It is also urged that doubts may arise as to what are soluble articles, or where the line shall be drawn between articles delivered in specie, though deteriorated in quality, and articles entirely wasted away. The court will be competent to meet these difficulties when they arise. In the mean time nothing is more apparent than that experienced underwriters can readily frame, what the counsel says the court will have to do, a specification of articles of this description, and a tariff of the rates of premium at which they will consent to take such risks.
We consider that the plaintiff was clearly entitled to the judgment he obtained, which must, therefore, be affirmed with costs.

 Reported 5 Duer, 588.